IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAUL MARDIS, <br><br> Individually and on behalf of all others similarly situated, <br><br> *Plaintiff,* <br><br> v. <br><br> PLEX, INC., A DELAWARE CORPORATION AND PLEX GMBH, A SWISS COMPANY <br><br> *Defendants.* | Case No.: 1:22-cv-5316 |

## NOTICE OF REMOVAL

Defendants, PLEX, INC. and PLEX, GmbH, by and through their undersigned attorney, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removes the state court action encaptioned, *Mardis v. Plex, Inc. et al.,* Cir. Ct. Cook Cnty., IL, No. 2022-CH-8450, and states as follows. *See* **Exhibit A.**

### I. Background

This is a putative class action lawsuit resulting from an August 2022 network security incident. Plaintiff contends that Defendants insufficiently protected Plaintiff and the putative class members' personal identifying information ("PII"), and as a result, the security of their PII was compromised. Plaintiff also contends that he and the putative class members are entitled to, among other relief compensatory damages for the harm caused by "direct theft, identity theft, expenses for credit monitoring and identity theft insurance, out-of-pocket expenses, anxiety, emotional distress, loss of privacy, and other economic and non-economic harm"; punitive damages; statutory damages; costs; and attorneys' fees. Defendants deny the allegations of the Complaint.

Plex, Inc. was served with a summons and copy of the Complaint on August 31, 2022, a true and correct copy of which is attached hereto as **Exhibit B**. Plex, GmbH has not yet been served.

**II.     Standard for Removal of This Action To Federal Court**

28 U.S.C. § 1441(a) authorizes removal of "any civil action brought in State court of which the district courts of the United States have original jurisdiction." The Class Action Fairness Act ("CAFA"), codified at 28 U.S.C. § 1332(d), specifically allows a defendant to remove a class action lawsuit to a district court as long as there is minimal diversity of citizenship among the parties to the action, *i.e.*, "any member of a class of plaintiffs is a citizen of a State different from any defendant" or "any member of a class of plaintiffs is a citizen of a State and any defendant is a … citizen or subject of a foreign state"; the matter is a "class action," *i.e.*, "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by one or more representative persons as a class action; and the amount in controversy between defendants and the putative class, in the aggregate, exceeds $5 million, exclusive of interest and costs. *But see Ill. v. AU Optronics Corp.*, 794 F. Supp. 2d 845, 848–49 (N.D. Ill. 2011).

Alternatively, under 28 U.S.C. § 1332(a)(2), original jurisdiction exists if the action is between citizens of one state and citizens of another state, and if the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Notably, the citizenship requirement for a class action hinges entirely on the citizenship of the named plaintiff/class representative, and only the named plaintiff/class representative need be diverse with the defendants. *Mussat v. IQVIA, Inc.*, 953 F.3d 441, 447 (7th Cir. 2020). As only citizenship of the named parties is relevant to the determination of jurisdiction, it is not necessary to examine the citizenship of unidentified class members. *Id.* As for the amount in controversy, a removing party need only establish it by a good faith estimate, which is "plausible and adequately supported by the evidence." *Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017) ("We have acknowledged the difficulty a defendant faces when the plaintiffs, who control the allegations of the complaint, do not want to be in federal court and provide little information about the value of their claims.").

**III.     Removal Is Proper Because the Diversity of Citizenship and Amount in Controversy Requirements Are Satisfied under 28 U.S.C. § 1332(a) and (d).**

    **A.     The CAFA Requirements Are Satisfied Because There is At Least Minimal Diversity Between Plaintiff and Defendants, This Is a Class Action, and the Amount in Controversy Exceeds $5,000,000.**

All requirements for removal under CAFA are satisfied here. First, Plaintiff, Paul Mardis, is a citizen of Illinois. By contrast, Plex, Inc. is a Delaware corporation with its primary place of business in Los Gatos, CA, and Plex GmbH is a foreign, wholly-owned subsidiary of Plex, Inc., with its principal place of business in Switzerland. Thus, this matter has both a class representative Plaintiff who is a member of a State different from a Defendant and a class representative Plaintiff who is a member of one State and a Defendant who is a citizen or subject of a foreign state.

Additionally, this is a "class action," as defined in 28 U.S.C. § 1332(d)(1)(B), as Mardis styled his lawsuit a "Class Action Complaint" and pleaded the elements of a class action lawsuit under 735 ILCS 5/2-801, *i.e.*, a state statute similar to Federal Rule of Civil Procedure 23.

Finally, the amount in controversy between Defendants and the putative class, which could encompass many thousands of customers of Defendants, given Mardis seeks to represent a nationwide class, and which seeks to recover myriad forms of damages, including, but not limited to, compensatory damages for the harm caused by "direct theft, identity theft, expenses for credit monitoring and identity theft insurance, out-of-pocket expenses, anxiety, emotional distress, loss of privacy, and other economic and non-economic harm"; punitive damages; statutory damages; costs; and attorneys' fees, should easily exceed $5,000,000 in the aggregate.

In sum, this matter is properly removed to this District.

    **B.     The Diversity Jurisdiction Requirements Are Satisfied Because There is Complete Diversity Between Plaintiff and Defendants, and the Amount in Controversy Between Plaintiff, Alone, and Defendants Exceeds $75,000.**

In the alternative, under 28 U.S.C. § 1332(a)(2), there is complete diversity between Plaintiff and Defendants because, as explained above, Plaintiff is a citizen of Illinois and Defendants are

citizens of Delaware/California and a foreign state. Moreover, the amount in controversy requirement is satisfied because Plaintiff, alone, seeks compensatory damages for the harm caused by "direct theft, identity theft, expenses for credit monitoring and identity theft insurance, out-of-pocket expenses, anxiety, emotional distress, loss of privacy, and other economic and non-economic harm"; punitive damages; statutory damages; costs; and attorneys' fees, all of which exceeds $75,000.

In sum, this matter is properly removed to this District.

C. **Defendants Have Satisfied the Procedural Requirements for Removal of This Action to Federal Court.**

This notice of removal is timely filed pursuant to 28 U.S.C. § 1446(b)(1), *i.e.*, less than 30 days after Defendant, Plex, Inc's receipt of the Complaint. Further, pursuant to 28 U.S.C. § 1446(d), Defendants will promptly file written notice of this removal and copy of the Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois and will serve a copy of this notice on all parties to the removed action. Defendants will also file a copy of all additional papers in the state court record with this Court. By filing this Notice of Removal, Defendants do not waive and hereby reserve all of their rights to assert objections and defenses to Plaintiff's Complaint.

WHEREFORE, Defendants, Plex, Inc and Plex GMBH, remove this action from the Circuit Court of Cook County, Illinois, No. 2022-CH-8450, to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Respectfully submitted,

/s/ Jonathan L. Schwartz
Counsel for Defendants Plex, Inc. and Plex GmbH

Jonathan L. Schwartz
Freeman Mathis & Gary, LLP
111 W. Jackson Blvd, Suite 1700
Chicago, IL 60604
(773) 389-6440
Jonathan.Schwartz@fmglaw.com